United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBARCADERO TECHNOLOGIES, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>TTI TEAM TELECOM TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____/ | No. C 06-3337 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

    Plaintiff Embarcadero Technologies, Inc. moves to remand this removed action to State court.  Defendant TTI Team Telecom Technologies, Inc. has filed a notice of non-opposition to the remand.  The matter was submitted on the papers.  Having considered all of the papers filed by the parties, the Court grants Plaintiff's motion and remands this case to State court.

BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in San Francisco, California. Defendant is a Delaware corporation with its principal place of business in Hoboken, New Jersey. Plaintiff brought this action against Defendant in the San Francisco County Superior Court of the State of California; its complaint alleged only State law claims. Defendant removed the action to this Court, contending that the Court had jurisdiction of this action based on diversity of citizenship. Although the caption on Defendant's notice of removal stated that Plaintiff was a Delaware corporation, Defendant stated that it believed that Plaintiff was a citizen of California. According to Defendant, removal was proper, pursuant to 28 U.S.C. § 1332, because this action was between citizens of different states and the amount in controversy exceeded $75,000.

DISCUSSION

Removal from State court is proper where the federal court has original jurisdiction over the plaintiff's claim. 28 U.S.C. § 1441(a). Both parties agree that the Court did not have original jurisdiction over Plaintiff's claims. Corporations are citizens of the State in which they are incorporated and of the State in which they have their principal place of business. 28 U.S.C. § 1332(c). Here, both parties are incorporated in Delaware; both are citizens of Delaware. There is no diversity. And, in its notice of non-opposition, Defendant apologizes for its inadvertent mistake regarding diversity jurisdiction.

2

Although Defendant agrees that the Court should remand this case to State court, Defendant argues that sanctions are not proper because Plaintiff did not separately file a motion for sanctions as required by Civil Local Rule 7-8. This is true, Plaintiff did not file a separate motion for sanctions as required by the local rules. But Plaintiff also seeks attorneys' fees under 28 U.S.C. § 1447(c). There is no requirement that a separate motion be filed for fees under § 1447(c), and Defendant does not address this section in its notice of non-opposition.

Title 28 U.S.C. § 1447(c) provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Ninth Circuit instructs that an award of attorneys' fees pursuant to § 1447(c) is within the discretion of the district court. <u>Moore v. Permanente Medical Group, Inc.</u>, 981 F.2d 443, 448 (9th Cir. 1992). The Court need not find bad faith in order to award attorneys' fees. <u>Id</u>. Here, although there may have been no bad faith, there was no merit to Defendant's notice of removal. It was clear from Plaintiff's complaint, and Defendant's notice of removal, that the parties were not diverse: both parties are Delaware corporations. Thus, the Court finds that awarding Plaintiff attorneys' fees is appropriate.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand (Docket No. 7) and REMANDS this case to State court. Within fourteen days from the date of this order, Plaintiff shall file a declaration, with supporting documentation, regarding

3

the fees and costs incurred as a result of the removal.  If Defendant wishes to respond to Plaintiff's declaration regarding attorneys' fees, it must do so within seven days of receiving the declaration.

    IT IS SO ORDERED.

Dated: 6/30/06

CLAUDIA WILKEN
United States District Judge