IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBARCADERO TECHNOLOGIES, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>TTI TEAM TELECOM TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____/ | No. C 06-3337 CW<br><br>ORDER GRANTING PLAINTIFF ATTORNEYS' FEES |

    The Court granted Plaintiff Embarcadero Technologies, Inc.'s motion to remand.  Defendant TTI Team Telecom Technologies, Inc.'s notice of removal was based on diversity jurisdiction, yet the caption clearly states that both parties are Delaware corporations, a fact not disputed.  Noting that there was no merit to Defendant's notice of removal, the Court found that awarding Plaintiff attorneys' fees was appropriate.  Now, the Court must determine the appropriate amount of fees to award.

Plaintiff's counsel filed a declaration, and supporting documentation, stating that 8.1 hours were spent on legal services relating to Plaintiff's motion to remand; counsel's hourly rate is $350. Plaintiff requests that the Court order Defendant to pay Plaintiff attorneys' fees in the amount of $2,835.

But, as Defendant points out in its reply, U.S.C. § 1447(c) provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The $2,835 requested by Plaintiff is not a just cost.

As soon as Defendant learned of its error in removing this case, it acknowledged its mistake and filed a statement of non-opposition. Defendant states that, had Plaintiff's counsel informed it that removal was improper, Defendant would have immediately looked into it, realized its mistake and stipulated to remand to State court; Plaintiff's motion to remand, and the resulting expenses, would have been unnecessary. Before the motion to remand was filed, Defendant's counsel spoke to Plaintiff's counsel twice, but Plaintiff's counsel never mentioned that the removal was improper.

The Court agrees that Plaintiff's counsel should have spoken with Defendant's counsel to see if a stipulation was possible. The Court will not award Plaintiff attorneys' fees for unnecessary work. Only one hour of work was necessary: the time it took to read the notice of removal, to realize it was wrong, to confer with opposing counsel, to draft a stipulation and to file the stipulation with the Court.

Therefore, the Court GRANTS Plaintiff attorneys' fees in the amount of $350 ($350 x 1).  Defendant shall pay this sum to Plaintiff's counsel within fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: 11/7/06

CLAUDIA WILKEN
United States District Judge

3